**E-FILED**
Friday, 05 January, 2007  02:48:57 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

United States of America ex rel.                    )
                                                    )
_Marcus Ridley ~ K-88450_                           )
(Full name and prison number)                       )
(Include name under which convicted)                )        **06CV6365**
                                                    )
PETITIONER                                          )        **JUDGE CONLON**
                                                    )        **MAG. JUDGE  ASHMAN**
        vs.                                         )
                                                    )
_Donald A. Hulick_                                  )
(Warden, Superintendent, or authorized              )
person having custody of petitioner)                )        **FILED**
                                                    )
RESPONDENT, and                                     )        **NOV 2 1 2006**
                                                    )
**(Fill in the following blank only if judgment     )        **MICHAEL W. DOBBINS**
attacked imposes a sentence to commence             )        **CLERK, U.S. DISTRICT COURT**
in the future)**                                    )
                                                    )        Case Number of State Court Conviction:
ATTORNEY GENERAL OF THE STATE OF                    )
                                                    )        _01-CF-941_
_____                      )
(State where judgment entered)                      )

**PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY**

1.  Name and location of court where conviction entered: _Macon County_
    _Decatur IL. 62521_

2.  Date of judgment of conviction: _April 10, 2002_

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
    _Robbery, Accountability for Agg Criminal Sexual Assault, Agg battery_

4.  Sentence(s) imposed: _30, 7 years_

5.  What was your plea?  (Check one)    (A)  Not guilty    ( ✓ )
                                        (B)  Guilty        ( )
                                        (C)  Nolo contendere ( )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

    _____
    _____

                                                            Revised:  7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1.  Kind of trial:  (Check one):        Jury ( ✓ )            Judge only (   )

2.  Did you testify at trial?           YES (   )            NO      ( ✓ )

3.  Did you appeal from the conviction or the sentence imposed?  YES ( ✓ )  NO (   )

    (A)  If you appealed, give the

        (1)   Name of court:   Appellate Court

        (2)   Result:   Affirm + Reverse in part + Remand

        (3)   Date of ruling:   Jan 5, 2001

        (4)   Issues raised:   Denied effective assistance of counsel, Trial Court exceed in imposing severe re for robbery because its a lesser-included offense of Agg Criminal Sexual Assault, Consecutive Sentencing was Unconstitutional

    (B)  If you did not appeal, explain briefly why not:

4.  Did you appeal, or seek leave to appeal, to the highest state court?  YES (   )      NO ( ✓ )

    (A)  If yes, give the

        (1)   Result:

        (2)   Date of ruling:

        (3)   Issues raised:

    (B)  If no, why not:

5.  Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (   )  No (   )

If yes, give (A) date of petition: _____  (B) date *certiorari* was denied: _____

2

Revised: 7/20/05

## PART II – COLLATERAL PROCEEDINGS

1.  With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    YES (✗)  NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A.  Name of court: Appellate Court

    B.  Date of filing: Feb 23, 2004

    C.  Issues raised: _____

    _____

    _____

    D.  Did you receive an evidentiary hearing on your petition?     YES ( )  NO (✗)

    E.  What was the court's ruling?  dismissed

    F.  Date of court's ruling: March 1, 2004

    G.  Did you appeal from the ruling on your petition?     YES (✗)  NO ( )

    H.  (a)   If yes,  (1) what was the result?  denied

        (2) date of decision:   July 6, 2005

        (b)   If no, explain briefly why not: _____

    I.   Did you appeal, or seek leave to appeal this decision to the highest state court?

        YES (✗)   NO ( )

        (a)   If yes,  (1) what was the result?  denied

        (2) date of decision:   Dec. 1, 2005

        (b)   If no, explain briefly why not: _____

3

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES ( )        NO ( )

A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

1. Nature of proceeding          belief of void judgment

2. Date petition filed           Jan 23 2006

3. Ruling on the petition        denied

4. Date of ruling                march 1 2006

5. If you appealed, what was
   the ruling on appeal?         _____

6. Date of ruling on appeal      _____

7. If there was a further appeal,
   what was the ruling ?         _____

8. Date of ruling on appeal      _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES ( )    NO ( ✓ )

A. If yes, give name of court, case title and case number: _____

_____

B. Did the court rule on your petition?  If so, state

(1) Ruling:     _____

(2) Date:       _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    YES ( ✓ )    NO ( )

If yes, explain: I have a 2-1401 petition pending in the Appellate Court.

4

Revised: 7/20/05

## PART III – PETITIONER'S CLAIMS

1.  State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one _6th Amendment Right_
     Supporting facts (tell your story briefly without citing cases or law):

Petitioner argues that trial counsels performance was ineffective where he did not file motion to suppress contradicting statements by defendant, which was the only evidence the state had against petitioner + ultimately led to his conviction. Also counsel failed to object to or argue "improper" instructions + did not tender appropriate "instructions" favorable to defendant + defense which was raised (lesser-included offense). In light of the facts stated above, counsel was only effective for the state. Petitioner prays this cause be remanded back

(B)  Ground two _5th Amendment Right_
     Supporting facts:

Petitioner was charged with Agg Criminal Sexual Assault, robbery + Agg battery. Agg-battery was ran concurrent + robbery consecutive. Upon review by the Appellate Court robbery was subsequently vacated + agg battery was ran consecutive. Petitioner argues that the consecutive sentencing for Agg battery violates the One Act One Crime principle + should be vacated. One Crime One Act prohibits multiple convictions based on precisely the same physical act. Therefore sentence for Agg Criminal Sexual Assault should be reduced.

5

Revised: 7/20/05

(C) Ground three  5th and 6th Amendmen Rights
     Supporting facts:

Petitioner argues that the Appellate Court could not know to what extent trial court may have considered robbery conviction (vacated in Appellate Court) when arriving at it's sentencing for Agg Criminal Sexual Assault. The vulgnaress? wherin it is such multiple convictions means that the trial courts error cannot be considered harmless & may be reached under the plain error & reversable error doctrine. Therefor this case should be remanded for resentencing soely for the conviction of Agg Criminal Sexual Assault

(D) Ground four  5th Amendment Right
     Supporting facts:

Petitioner was found guilty of robbery at his jury trial. He was also subsequently tried & convicted of Agg Criminal Sexual Assault with robbery as the "agg offense". Petitioners argument is that the "agg offense" is bared by Double Jeoparty, thus the conviction for Agg Criminal Sexual Assault should be reduced & petition sent back for resentencing.

2.   Have all grounds raised in this petition been presented to the highest court having jurisdiction?

     YES ( ✓ )  NO ( )

3.   If you answered **"NO"** to question (2), state briefly what grounds were not so presented and why not:

Revised:  7/20/05

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A)   At preliminary hearing _____

(B)   At arraignment and plea _____

(C)   At trial _____

(D)   At sentencing _____

(E)   On appeal _____

(F)   In any post-conviction proceeding _____

(G)   Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (  )   NO ( ✓ )

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____        _____
              (Date)                       Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_Marqus Bradley_
(Signature of petitioner)

_K. 88450_
(I.D. Number)

_P.O. Box 711, Menard IL, 62259_
(Address)

7

Revised: 7/20/05

Part II - Collateral Proceedings/Post-Conviction

I-C  Issues Raised

1) Denied effective assistance of counsel, 2) The trial court errored by imposing consecutive sentencing on convictions. 3) Section 5-8-4 of unified code is unconstitutional under Apprendi; 4) Conviction for Agg Criminal Sexual Assault should be reduced or vacated to Criminal Sexual Assault, because the element used to enhance the crime to "Aggravated" was vacated on the appellate level as a lesser-included offense. 5) The evidence was insufficient to sustain a conviction for agg criminal sexual assault & agg battery with a deadly weapon, 6) Trial court errored in directing a verdict of not guilty at the close of evidence as to Agg Criminal Sexual Assault & agg battery with a deadly weapon. 7) The states closing argument was improper & intended to inflame the jury & the trial court errored in over ruling defendants objections to improper arguments 8) As a result of the foregoing, he the petitioner was denied Due Process & Equal Protection under the 4th Amendment U.S Const. Amend. IX) And the Illinois Constitution

Part III  Petitioner's Claims

(E)    Ground five  6th Amendment

Petitioner argues that in his jury trial the court errored
by giving improper + erroneous instructions to the
jury. Instead of Gretter + lesser included instructions as
charged in petitioners indictment, they received instru-
ctions on the lesser included offense of robbery as
a seperate charge. Misdirection on part of the state
confusing the jury + in the process hendering them
from returning a fair + just decision. Also giving
evidence proven at trial that petitioner had the
least culpability, if proper instructions were ten-
dered it is highly likely that a reasonable jury
would have found petitioner guilty of lesser included
offense of robbery! Therefor petitioner prays that
this honorable court remand this case back
for a new trial.


(F)    Ground six  5th Amendment

Petitioner was tried + convicted at his jury trial
for robbery, robbery being the predict offense,
enhancing charge as well as the charge which was
used to hold petitioner accountable for Agg Criminal
Sexual Assault. Subsequently the sentence + convic-
tion for robbery was vacated apon review in
the Appellate Court. Petitioners argument is how
can the now vacated charge of robbery still

(F)  be used to enhance, aggravate + hold petitioner
     areesentable for Agg Criminal Sexual Assault.
     Petitioner prays that for the above facts the
     remaining Aggravated charge be reduced or
     more apropiatley be vacated in its entirety.

IN THE UNITED STATES DISTRICT COURT
FOR THE _Northern_____ DISTRICT OF ILLINOIS

Marqus Ridley
                    Plaintiff,          )
                                        )
                                        )
                                        )
v.                                      )  No. _01-CF-971_____
                                        )
Donald G. Hulick                        )
                                        )  The Honorable
_____                  )
                                        )  _John K. Greanias____,
_____                  )
                    Defendants.         )  Judge Presiding.

## NOTICE OF FILING

TO:
_Clerk of the U.S. District Court, Prisoner_
_Corresponder, 219 S. Dearborn st_
_Chicago IL. 60604_

        PLEASE TAKE NOTICE that on or before the _6th_ day of
_October_____, _2006_, I shall file with the Clerk
of the U.S. District Court For The _____ District
of Illinois, the attached Plaintiff's _Federal Habeas_

_____
a copy of which is hereby served upon you.

                        By: _Marqus Ridley_____
                        Register Number _K78450_
                        Post Office Box 711,
                        Menard, Illinois  62259

## CERTIFICATE OF SERVICE

        I, _Marqus Ridley_____, being duly sworn aver
that I have served copies of the foregoing to the person named above
by placing such copies in the U.S. Mailbox at the Menard Correctional
Center on the _20th_ day of _October_____, _2006_; postage
prepaid. UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND
CORRECT.

                        _Marqus Ridley_____
                        Affiant/

ATTACHED

NO. 4-04-0242

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT



THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from
        Plaintiff-Appellee,       )   Circuit Court of
        v.                    )   Macon County
MARQUIS RIDLEY,               )   No. 01CF971
        Defendant-Appellant.    )
                              )   Honorable
                              )   John K. Greanias,
                              )   Judge Presiding.

---

### ORDER

This appeal comes to us on the motion of the office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal on the ground the postconviction petition filed by defendant, Marquis Ridley, fails to present the gist of a constitutional claim. We agree and affirm.

### I. BACKGROUND

In July 2001, defendant was charged jointly with Dustin Chenoweth and DeMarco Hill with robbery (720 ILCS 5/18-1(a) (West 2000)), aggravated criminal sexual assault (720 ILCS 5/12-14(a)(4) (West Supp. 2001)) in that they committed a criminal sexual assault of S.M. during the commission of a robbery, and two counts of aggravated battery with a deadly weapon (720 ILCS 5/12-4(a) (West Supp. 2001)), alleging aggravated battery was committed by intentionally causing great bodily harm to S.M. and by using a deadly weapon, a tire iron, respectively.

The evidence pertinent to this appeal is as follows. On July 11, 2001, S.M. was working as a pizza-delivery driver and

had a call to a house on South Shore Drive in Decatur. When she arrived at the house, she saw two young men, one white and one black, who told her they did not have correct change for the delivery. She went to a nearby convenience store and got change. S.M. returned to the house and approached the same two men with the pizza. She turned to see a black male come up behind her. As she turned forward again, one of the original two men hit her in the eye and she fell to the ground. One of the men put his knee in her back and asked her where the money was. She told them it was in the glove compartment and her purse. The man then rolled her over and took money from her pockets.

One man then grabbed her hair and dragged her to the back of the house where it was dark. Her next memory was of herself lying naked in the backyard. One of the black males had sexual intercourse with her. After he finished, "they" rolled her over so she was face down, discussed something, and then started kicking her. Someone struck her in the back of the head at least three times with a hard, cold object that could have been a tire iron. She then heard one of the men say, "Okay, walk, don't run." She waited until she could no longer hear the voices and then grabbed her clothing and ran for help.

Sheila Luthy testified she was working at the Speedway convenience store on the night in question. She stated that sometime after midnight the same woman who came to ask for change earlier returned. She was naked, bloody, and crying. The woman told Luthy she had been attacked and raped by the side of a house

- 2 -

by several men.  Luthy called the police.

Decatur police officer Edward Cunningham testified he responded to the call.  He drove to the scene to collect evidence.  S.M.'s car was still parked in the drive.  He retrieved a Domino's pizza baseball cap, a blue bandana, a pair of women's underwear, loose change, and a tire iron next to some blood on the grass in the backyard.

Detective Jeremy Welker testified he interviewed defendant at the police station on July 14, 2001.  Initially, in a written statement, defendant denied any knowledge of the crime and accused three others of falsely implicating him (four people were present during the commission of the crime but only defendant, Chenoweth, and Hill were charged in case No. 01-CF-971).  Defendant changed his story after being told the police had information he was present during the crime.  Defendant admitted he knew a robbery was to take place and he was to act as the lookout.  He stated he observed the victim pull up in her car and exit the vehicle.  He looked down the street for traffic.  When he looked back toward the victim, he saw the victim fall backward as if she had been struck.  Someone was standing over her, but he could not tell who it was because it was dark.  He looked down the street again.  When he looked at the victim again, he saw someone taking her around the side of the house.  He then walked to the car he and the others had parked down the street.  He waited there for the others and then returned on foot to see what was taking so long.  He observed Chenoweth sitting on the front

- 3 -

porch.  The two of them returned to the car.  The two others
joined them at the car shortly thereafter.

Defendant then made another written statement in which
he said the following:

> "All we planned on was taking the $\underline{S}$.  It
> was dark in on the side [sic] the house
> watching out, so all I see [sic] is her fall.
> I don't know who exactly was standing over
> her.  So they take her on [sic] side of the
> house, so I run [sic] to the car.  But didn't
> nobody [sic] else come with me.  So I come
> back to see what's taking so long.  Dustin is
> standing on the porch, and he tell [sic] me
> to just stay with him, and by that time,
> Cellus was at the car.  Like right after that
> we left.  I never touched or hurt her in any
> way.  So while this case is being tried,
> please <u>try</u> <u>to</u> <u>remember</u> <u>that</u>."  (Emphasis in
> original.)

Defendant did not present any evidence.  The jury was
instructed on accountability and withdrawal.  See Illinois
Pattern Jury Instructions, Criminal, Nos. 5.03, 5.04 (4th ed.
2000).

During closing arguments, defense counsel conceded
defendant's statements to the police showed defendant planned and
participated as a lookout in the robbery.  Counsel then argued

- 4 -

defendant was not guilty of the sexual assault or battery because
he was not there, he did not plan it, and he did not agree to
participate in it. Counsel further suggested defendant had
withdrawn from the crime before the sexual assault and battery by
leaving the scene and going to Chenoweth's car. The jury con-
victed defendant on all counts (the trial court found the two
counts of aggravated battery merged).

In April 2002, the trial court sentenced defendant to
concurrent terms of 30 years' and 5 years' imprisonment for
aggravated criminal sexual assault and aggravated battery with a
deadly weapon, respectively, and to a consecutive term of 7
years' imprisonment for robbery.

Defendant filed a direct appeal. Defendant claimed (1)
he was denied effective assistance of counsel because counsel
misapplied the law of accountability and made concessions guaran-
teeing he would be found guilty of the charged offenses, (2) the
trial court erred by imposing a sentence on his conviction for
robbery because it was an included offense of aggravated criminal
sexual assault as charged in the information, and (3) the manda-
tory consecutive sentencing provisions contained in section 5-8-4
of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-
8-4 (West Supp. 2001)) is unconstitutional under Apprendi v. New
Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

In December 2003, this court held (1) defendant was not
denied effective assistance of counsel, (2) defendant's convic-
tion and sentence for robbery should be vacated because robbery

- 5 -

is an included offense of aggravated criminal sexual assault, and

(3) concerns raised by Apprendi, 530 U.S. 466, 147 L. Ed. 2d 435,

120 S. Ct. 2348, are not implicated by consecutive sentencing.

People v. Ridley, No. 4-02-0435 (December 8, 2003) (unpublished

order under Supreme Court Rule 23).  This court remanded to the

trial court with directions to impose consecutive sentences for

aggravated criminal sexual assault and aggravated battery with a

deadly weapon per the requirements under section 5-8-4(a)(ii) or

5-8-4(b) of the Unified Code.  See 730 ILCS 5-8-4(a)(ii), (b)

(West Supp. 2001).

On February 23, 2004, defendant filed a pro se petition

for postconviction relief pursuant to sections 122-1 through 122-

8 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1

through 122-8 (West 2002)).  Defendant's petition alleges (1) he

was denied effective assistance of counsel; (2) the trial court

erred by imposing sentence on the conviction for robbery because

it was an included offense of aggravated criminal sexual assault;

(3) section 5-8-4 of the Unified Code is unconstitutional under

Apprendi; (4) the conviction for aggravated criminal sexual

assault should be vacated or reduced to criminal sexual assault

because the element used to enhance criminal sexual assault to

aggravated criminal sexual assault, i.e., because the criminal

sexual assault was committed during the commission of robbery

(720 ILCS 5/12-14(a)(4) (West Supp. 2001)), no longer exists, as

this court directed the trial court to vacate the robbery convic-

tion and sentence because robbery was an included offense of

- 6 -

aggravated criminal sexual assault; (5) the evidence was insuffi-
cient to sustain his convictions for aggravated criminal sexual
assault and aggravated battery with a deadly weapon; (6) the
trial court erred in not directing a verdict of not guilty at the
close of the evidence as to the aggravated-criminal-sexual-
assault and aggravated-battery-with-a-deadly-weapon charges; (7)
the State's closing argument was improper and intended to inflame
the jury, and the trial court erred in overruling defendant's
objection to the improper argument; and (8) as a result of the
foregoing, he was denied due-process and equal-protection rights
under the fourth amendment (U.S. Const., amend. IV) and the
Illinois Constitution.

On March 1, 2004, the trial court summarily dismissed
defendant's petition.  The court stated claims of error Nos. 1,
2, and 3 were adjudicated by the appellate court on direct appeal
and were barred by res judicata, and "claim[] [Nos.] 4, 5, 6, 7,
and 8 involve matters of record which could have raised on direct
appeal" and are forfeited.  The court also stated defendant's
petition was frivolous and without merit.  This appeal followed.
OSAD was appointed to represent defendant and now moves to
withdraw as counsel pursuant to Pennsylvania v. Finley, 481 U.S.
551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987).  On its own
motion, this court granted defendant until February 7, 2005, to
file additional points and authorities.  He did so, and the State
has filed a responding brief.

## II. ANALYSIS

We review a trial court's dismissal of a postconviction petition without an evidentiary hearing de novo. People v. Simms, 192 Ill. 2d 348, 360, 736 N.E.2d 1092, 1105-06 (2000).

The Act (725 ILCS 5/122-1 through 122-8 (2002)) allows a defendant to collaterally challenge his or her conviction or sentence for violations of federal or state constitutional rights. People v. Tenner, 175 Ill. 2d 372, 377, 677 N.E.2d 859, 862 (1997). A petition for postconviction relief must "clearly set forth the respects in which petitioner's constitutional rights were violated" and "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2002). "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived" (725 ILCS 5/122-3 (West 2002)), i.e., in the sense that they are forfeited.

The Act provides a three-step process for adjudicating petitions for postconviction relief in non-death-penalty cases. People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). In the instant case, the petition was dismissed by the trial court at the first stage of this process.

The first stage requires the trial court to review the petition to determine if it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2002). The court shall dismiss the petition in a written order if it determines the

- 8 -

petition is frivolous or patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 2002).  The allegations in the petition, taken as true and liberally construed, need only present the gist of a constitutional claim to survive first-stage dismissal.  <u>People v. Edwards</u>, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001).  "This is a low threshold and a defendant need only present a limited amount of detail in the petition.  At this stage, a defendant need not make legal arguments or cite to legal authority."  <u>Gaultney</u>, 174 Ill. 2d at 418, 675 N.E.2d at 106.

A postconviction petition is not a direct appeal, but rather, it is a collateral proceeding and permits inquiry only into constitutional issues defendant did not raise and could not raise on direct appeal.  <u>People v. Williams</u>, 209 Ill. 2d 227, 232-33, 807 N.E.2d 448, 452 (2004).  "Thus, issues defendant raised on direct appeal are barred from consideration by the doctrine of <u>res judicata</u>."  <u>People v. Palmer</u>, 352 Ill. App. 3d 877, 884, 817 N.E.2d 129, 136 (2004), citing <u>Williams</u>, 209 Ill. 2d at 233, 807 N.E.2d at 452; see also <u>People v. Blair</u>, No. 96198, slip op. at 11 (June 3, 2005), __ Ill. 2d __, __, __ N.E.2d __, __ ("We *** conclude that the legislature intended that trial courts may summarily dismiss postconviction petitions based on [] <u>res judicata</u>").  Issues that could have been raised on direct appeal but were not are forfeited.  <u>People v. Shum</u>, 207 Ill. 2d 47, 58, 797 N.E.2d 609, 616 (2003); see also <u>Blair</u>, No. 96198, slip op. at 11, __ Ill. 2d __, __, __ N.E.2d __, __ ("We *** conclude that the legislature intended that trial courts may

- 9 -

summarily dismiss postconviction petitions based on *** forfei-
ture"). The doctrines of res judicata and forfeiture will be
relaxed when (1) fundamental fairness so requires, (2) the
forfeiture stems from the ineffective assistance of appellate
counsel, or (3) the facts relating to the claim do not appear on
the face of the original appellate record.

As stated above, in defendant's direct appeal, this
court held (1) defendant was not denied effective assistance of
counsel, (2) defendant's conviction and sentence for robbery
should be vacated because robbery is an included offense of
aggravated criminal sexual assault, and (3) concerns raised by
Apprendi, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348, are
not implicated by consecutive sentencing. Thus, claim Nos. 1
(ineffective assistance of trial counsel), 2 (robbery is an
included offense of aggravated criminal sexual assault; this
court ruled in defendant's favor in his direct appeal), and 3
(consecutive sentencing violates Apprendi) in defendant's
postconviction petition are barred by the doctrine of res judi-
cata as they were raised by defendant and adjudicated in his
direct appeal. See People v. Kimble, 348 Ill. App. 3d 1031,
1034, 811 N.E.2d 346, 349 (2004) ("Since defendant's ineffective-
assistance-of-trial-counsel argument had already been addressed,
the trial court did not err in summarily dismissing defendant's
postconviction petition").

The trial court found claim Nos. 4 (conviction for
aggravated criminal sexual assault should be reduced or vacated

- 10 -

because robbery conviction was vacated on appeal), 5 (insufficient evidence to sustain convictions for aggravated criminal sexual assault and aggravated battery with a deadly weapon), 6 (trial court erred in not directing verdict of not guilty of aggravated criminal sexual assault and aggravated battery with a deadly weapon), 7 (improper closing argument), and 8 (violation of his equal-protection and due-process rights) are forfeited because defendant could have raised them in his direct appeal but did not.

Defendant's claim his conviction for aggravated criminal sexual assault should be reduced or vacated because his robbery conviction was vacated on appeal could not have been raised in his direct appeal and thus is not forfeited (claim No. 4 in defendant's postconviction petition). However, this claim has no merit.

This claim is analogous to an argument made in <u>People v. Johnson</u>, 223 Ill. App. 3d 169, 584 N.E.2d 515 (1991). In <u>Johnson</u>, the defendant was convicted of burglary, residential burglary, and felony murder. The trial court did not sentence the defendant on the burglary conviction because it was a lesser-included offense of residential burglary. The defendant argued that once the burglary conviction was vacated, the felony murder became predicated upon the remaining felony conviction of residential burglary. <u>Johnson</u>, 223 Ill. App. 3d at 170, 584 N.E.2d at 516. He noted residential burglary is not one of the enumerated forcible felonies that may serve as a predicate to felony

- 11 -

murder.   The appellate court stated:

> "In the instant case, sufficient proof
> was presented to sustain the guilty verdicts
> of felony murder based on burglary and resi-
> dential burglary.   In this situation, vacat-
> ing the conviction for the underlying felony
> of burglary would not negate a finding that
> the defendant performed the acts causing the
> victim's death while the defendant was com-
> mitting the burglary.   It means only that
> because it would be impossible to commit the
> greater offense of felony murder without
> necessarily committing the lesser offense of
> burglary, judgment and sentence should only
> be imposed on the greater offense of felony
> murder.
>
> Simply because an underlying felony
> conviction is vacated does not mean, and has
> never meant, that the felony murder convic-
> tion cannot stand.   Nor do we accept the
> defendant's apparent assertion that whenever
> a defendant is also convicted of another
> offense, of which the predicate felony is
> also a lesser[-]included offense, this some-
> how negates, or operates as an acquittal of,
> the predicate felony.   A felony murder con-

- 12 -

viction remains intact and proper even after
any conviction for the predicate felony is
vacated.   This is true whether the vacatur is
grounded on the fact that the predicate fel-
ony is an included offense of felony murder
or the fact that it is an included offense of
another felony of which the defendant was
also convicted."   Johnson, 223 Ill. App. 3d
at 170-71, 584 N.E.2d at 517.

In our case, the jury found defendant guilty of aggra-
vated criminal sexual assault based on the fact the sexual
assault was committed during the commission of a robbery.
Sufficient proof was presented to sustain the guilty verdicts of
aggravated criminal sexual assault (based on committing sexual
assault during a robbery) and robbery.   Like in Johnson, vacating
the conviction for the lesser-included offense of robbery would
not negate a finding that the defendant was guilty of aggravated
criminal sexual assault based on the sexual assault being commit-
ted during the robbery.   It means only that because it would be
impossible to commit the greater offense of aggravated criminal
sexual assault (as charged) without necessarily committing the
lesser offense of robbery, judgment and sentence should only be
imposed on the greater offense of aggravated criminal sexual
assault.   See Johnson, 223 Ill. App. 3d at 170-71, 584 N.E.2d at
517.   "When multiple convictions of greater and lesser offenses
are obtained for offenses arising from a single act, a sentence

- 13 -

should be imposed on the most serious offense and the convictions on the less serious offenses should be vacated." People v. Garcia, 179 Ill. 2d 55, 71, 688 N.E.2d 57, 64 (1997). The fact this court vacated the lesser-included offense as required by Illinois law does not negate the fact the sexual assault occurred during a robbery.

Although defendant's claim Nos. 5, 6, 7, and 8 were likely forfeited, we will address the merits of defendant's arguments. We can affirm the trial court's judgment on any basis supported by the record. People v. Little, 335 Ill. App. 3d 1046, 1051, 782 N.E.2d 957, 962 (2003). As stated above, in addition to saying defendant's claim Nos. 4 through 8 were forfeited, the trial court stated they were frivolous and without merit; we agree.

Defendant argues he was not proved guilty beyond a reasonable doubt of aggravated criminal sexual assault and aggravated battery with a deadly weapon. "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." People v. Collins, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 276 (1985). In conducting this inquiry, the reviewing court does not function to retry defendant. People v. Smith, 185 Ill. 2d 532, 541, 708 N.E.2d 365, 369 (1999). "The proper standard is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reason-

- 14 -

able doubt." <u>People v. McDade</u>, 219 Ill. App. 3d 317, 326, 579 N.E.2d 1173, 1180 (1991), citing <u>Collins</u>, 106 Ill. 2d at 261, 478 N.E.2d at 277.

The trier of fact has the responsibility to determine the weight to be given witnesses' testimony, their credibility, and the reasonable inferences to be drawn from the evidence. <u>People v. Steidl</u>, 142 Ill. 2d 204, 226, 568 N.E.2d 837, 845 (1991). "A reviewing court may not substitute its judgment for that of the jury or trial court in such matters." <u>People v. Bowen</u>, 289 Ill. App. 3d 378, 384, 682 N.E.2d 453, 457 (1997).

Defendant's statement to police shows he agreed to participate in the robbery. Defendant served as a lookout. The question in this case is whether defendant was guilty of aggravated criminal sexual assault and aggravated battery based on accountability.

As stated above, the jury was instructed on accountability and withdrawal. Under Illinois law, a person can be held legally accountable for another when:

> "Either before or during the commission
> of an offense, and with the intent to promote
> or facilitate such commission, he solicits,
> aids, abets, agrees or attempts to aid, such
> other person in the planning or commission of
> the offense." 720 ILCS 5/5-2(c) (West 2000).

"Evidence that a defendant voluntarily attached himself to a group bent on illegal acts with knowledge of its design

- 15 -

supports an inference he shared the common purpose and will
sustain his conviction as a principal for a crime committed by
another in furtherance of the venture." <u>People v. Reckers</u>, 251
Ill. App. 3d 790, 794, 623 N.E.2d 811, 815 (1993). When these
acts are dangerous in nature or involve the use of force and
violence, the defendant "becomes accountable for any wrongdoings
of the other members of the group in furtherance of a common
purpose even though he did not actively participate in the overt
act itself." <u>Reckers</u>, 251 Ill. App. 3d at 794, 623 N.E.2d at
815. If it is proved that a defendant was at the scene without
disapproving or opposing the conduct, the jury may consider this
conduct along with the other circumstances surrounding a crime in
reaching a conclusion that the defendant assented to the commis-
sion of the crime, approved of it, and was thereby aiding and
abetting it. <u>Reckers</u>, 251 Ill. App. 3d at 794, 623 N.E.2d at
815.

> "In addition to the accused's presence at the
> scene of the crime, without disassociating
> himself from the crime, other factors which
> raise inferences the accused aided in the
> commission of the crime include flight from
> the scene, continued association with the
> perpetrator after the criminal act, failure
> to report the incident, acceptance of illegal
> proceeds of the crime, and concealment or
> destruction of the evidence." <u>People v.</u>

- 16 -

Houston, 258 Ill. App. 3d 364, 368, 629

N.E.2d 774, 778 (1994).

At trial, defendant argued he withdrew from the plan

before the commission of the sexual assault and battery. A

defendant is not accountable for the conduct of another if:

> "Before the commission of the offense,
> he terminates his effort to promote or facil-
> itate such commission, and does one of the
> following: wholly deprives his prior efforts
> of effectiveness in such commission, or gives
> timely warning to the proper law enforcement
> authorities, or otherwise makes proper effort
> to prevent the commission of the offense."
> 720 ILCS 5/5-2(c)(3) (West 2000).

Defendant's going to the car and waiting for the others

to return did not constitute withdrawal. He did not wholly

deprive his efforts of being the lookout of their effectiveness,

give timely warning to proper law enforcement authorities, or

make any effort to prevent the commission of the offenses.

Further, "[i]n order to constitute an effective withdrawal[,]

some kind of disapproval or opposition must be shown to the

activities which the defendant knew had either preceded or were

about to proceed." People v. Lacey, 49 Ill. App. 2d 301, 307,

200 N.E.2d 11, 14 (1964), citing People v. Marx, 291 Ill. 40, 48,

125 N.E. 719, 722 (1920). The record does not contain any

evidence defendant showed his disapproval or opposition to the

- 17 -

activities that took place. Accordingly, the evidence was
sufficient to convict defendant of aggravated criminal sexual
assault and aggravated battery.

Next, defendant claims the trial court erred when it
denied his motion for a directed verdict at the end of the
State's case. We disagree.

"When, at the close of the State's evidence ***, the
evidence is insufficient to support a finding or verdict of
guilty[,] the court may and on motion of the defendant shall make
a finding or direct the jury to return a verdict of not guilty,
enter a judgment of acquittal[,] and discharge the defendant."
725 ILCS 5/115-4(k) (West 2000). As stated above, defendant did
not present any evidence. Further, we concluded defendant's
challenge to the sufficiency of the evidence is without merit.
The evidence considered in our above discussion on the suffi-
ciency of the evidence is the same evidence the trial court
considered when ruling on defendant's motion for a directed
verdict. Since we concluded the evidence was sufficient to
support defendant's conviction, we necessarily concluded the
trial court did not err in denying defendant's motion for a
directed verdict.

Next, defendant argues the State's closing argument was
improper and intended to inflame the jury and the trial court
erred in overruling his objection to the argument. We disagree.

All defendants are entitled to a fair trial free from
prejudicial comments by the prosecution. People v. Barker, 298

- 18 -

Ill. App. 3d 751, 757, 699 N.E.2d 1039, 1043 (1998). However,
prosecutors are given wide latitude in closing arguments. <u>People
v. Hester</u>, 271 Ill. App. 3d 954, 957, 649 N.E.2d 1351, 1355
(1995). "In closing argument, counsel may make a fair comment
upon the evidence, present the evidence in the light most favor-
able to his case, and draw inferences from the evidence. How-
ever, he may not misrepresent the evidence or argue facts not in
evidence." <u>Lambie v. Schneider</u>, 305 Ill. App. 3d 421, 429, 713
N.E.2d 603, 609 (1999).

When considering a claim of improper closing arguments,
we must consider the comments in the context of the closing
arguments as a whole. <u>People v. Taylor</u>, 345 Ill. App. 3d 1064,
1081, 804 N.E.2d 116, 129 (2004). "[T]he reviewing court must
indulge in every reasonable presumption that the trial court
properly exercised its discretion in determining the propriety of
the remarks." <u>Taylor</u>, 345 Ill. App. at 1081, 804 N.E.2d at 129.

Defendant's petition does not specify what argument
made by the State was improper. However, the record shows only
one objection during the State's closing argument by defense
counsel. The following exchange took place during closing
arguments:

> "[PROSECUTOR]: But I want to talk to you
> about something other than the defendant's
> rights first. I want to talk to you about
> [S.M.] It's a case about [S.M.] I want to
> talk to you about what happened to [the vic-

tim] on July the 11th of 2001. [S.M.] was on
that date and before that date doing her best
to work a job, be an honest person[,] and
work a job.

It's a job that some people would look
down their nose at. Some people would look
down their nose and say, well, I won't take a
job like that. I won't deliver pizza. I
won't drive my own car and work for $5.25,
maybe get a tip, maybe not, work at night,
maybe go deliver a pizza and maybe get ripped
off[,] and maybe not. But, [S.M.] was will-
ing to work that kind of job until July the
11th of 2001.

I'd like you to think about the reward
that she got for being an honest individual
and working an honest job.

[DEFENSE COUNSEL]: Objection, Your
Honor. I believe this argument is an attempt
to invoke sympathy.

[THE COURT]: Well[,] the objection is
overruled. But, ladies and gentleman, part
of the instructions I will give you are [sic]
that you're not to decide this case based on
sympathy. You're the judges of the facts.
It is your duty to determine what the facts

- 20 -

are and to render a fair verdict based upon
the evidence and the law as given to you by
the Court.   You may proceed counsel.

[PROSECUTOR]: Thank you.   The reward
[S.M.] got for trying to be an honest indi-
vidual and work and honest job was that.
You'll get a chance to see this photograph
more closely.   That's what she got.   She got
12 staples in the back of her head.   She got
beaten and kicked while she was down on the
ground, and she got raped.   That man there is
partly responsible."

The trial court instructed the jury that "[n]either
sympathy nor prejudice should influence you" and "[t]he evidence
which you should consider consists only of the testimony of the
witnesses and the exhibits which the court has received."   The
court also instructed the jury that "[n]either opening statements
or closing arguments are evidence, and any statement or argument
made by the attorneys which is not based on the evidence should
be disregarded."   As Illinois courts have stated, such instruc-
tions tend to cure any prejudice from improper remarks.   People
v. Garcia, 231 Ill. App. 3d 460, 469, 596 N.E.2d 1308, 1315
(1992); see also People v. Bratton, 178 Ill. App. 3d 718, 726,
533 N.E.2d 572, 578 (1989) ("Instructions of this sort by the
trial court decrease the likelihood that improper remarks in the
prosecutor's closing argument rose to the level of plain error").

- 21 -

In <u>Bratton</u>, 178 Ill. App. 3d at 726, 533 N.E.2d at 578, this court also held that a court must presume the jurors had followed the court's instructions. Following this presumption, any influence or prejudice caused by the prosecutor's alleged improper comments was likely cured by the court's instructions. Moreover, nothing in the record indicates the jury was influenced or prejudiced to the extent that defendant was denied a fair and impartial trial.

The evidence of defendant's guilt was substantial enough that the jury would have returned a verdict of guilty even if the prosecutor had not made this argument. As a result, any alleged impropriety in the prosecutor's closing argument does not warrant a new trial, and defendant has not raised the gist of a constitutional claim.

Finally, defendant claims his due-process and equal-protection rights were violated because of the alleged "errors" he complains of above. Since we have concluded defendant's postconviction petition's claim Nos. 4 through 7 have no merit, claim No. 8 necessarily lacks merit too. Further, "[a]n allegation in a postconviction petition must be based on factual allegations and not mere conclusory statements." <u>People v. Ivy</u>, 313 Ill. App. 3d 1011, 1019, 730 N.E.2d 628, 637 (2000).

### III. CONCLUSION

For the reasons stated, we grant OSAD's motion and affirm the trial court's judgment.

Affirmed.

- 22 -

KNECHT, J., with McCULLOUGH and MYERSCOUGH, JJ.,

concurring.