UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MARQUIS RIDLEY, | ) ) ) | |
| Petitioner, | ) ) | No. 07-2004 |
| v. | ) ) | The Honorable Michael P. McCuskey, |
| DONALD HULICK, Warden, | ) ) | Chief Judge Presiding. |
| Respondent. | ) | |

**MOTION TO DISMISS**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] respondent hereby moves to dismiss, without prejudice, petitioner's petition for federal habeas relief. Although some of petitioner's claims are exhausted, the petition contains one claim that is currently before the Illinois Appellate Court. Thus, it is a mixed petition and should be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

**I.   Background**

1.   Petitioner was convicted of aggravated criminal sexual assault, aggravated battery, and robbery. (Pet.1). Petitioner filed a petition for a writ of

---

[1] The Rules allow for pre-answer motions to dismiss. *See* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion").

habeas corpus under 28 U.S.C. § 2254(d), raising six grounds for relief. (Pet.5-6, 8-10). One of those grounds, ground five, is that the trial court improperly instructed the jury on a lesser included offense of robbery as a separate charge. (Pet.9 ¶E).

2.  On January 23, 2006, petitioner filed a petition for relief from judgment in Macon County Circuit Court, alleging, in part, that the trial court improperly instructed the jury on a lesser included offense of robbery as a separate charge. (Resp. Ex. A at 1, 6). The state circuit court denied the petition on May 31, 2006. (Resp. Ex. B). Petitioner's appeal from this judgment is still pending. (Pet.4 ¶4). Thus, petitioner's § 2254(d) habeas petition is a mixed petition.

## II.    Legal Standard

District courts must dismiss mixed petitions, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510. Dismissing such petitions is generally preferred over staying them. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). A district court should stay a mixed petition to allow the petitioner to exhaust claims in state court only where the petitioner has shown: (1) he has "good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that [he] engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277; *Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006). The Seventh Circuit interprets this as "directing district courts to grant a habeas petitioner's motion to stay a mixed habeas petition when the foregoing prerequisites are

established . . . ." *Arrieta*, 461 F.3d at 866. Generally, a court faced with a mixed petition "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." *Rhines*, 544 U.S. at 269; *Jones v. Bock*, __ S. Ct. __, 2007 WL 135890 (U.S. Jan. 22, 2007). "The district court must decide whether the petitioner had good cause for his failure to exhaust all claims and whether the unexhausted claims have some possible merit." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006).

### III. The Petition Should Be Dismissed Without Prejudice.

Petitioner has not attempted to explain why he has filed a mixed petition or why he previously failed to exhaust his fifth ground for relief in state court. From the face of his arguments, *see* Resp. Ex. A, it appears that petitioner could have raised the unexhausted jury instruction issue on direct appeal, or perhaps in his postconviction petition. Also, petitioner has not shown that this unexhausted issue has any merit, or that he was not dilatory in exhausting it. *Rhines*, 544 U.S. at 277. Because petitioner has not shown that the *Rhines* factors apply to this case, this Court should either dismiss the action or allow petitioner to amend his application to include only his exhausted claims. *Rhines*, 544 U.S. at 269. The choice to proceed with a dismissal rather than simply amending the petition to remove the unexhausted claim would likely end any chance of federal review of petitioner's claims. *See Dolis*, 454 F.3d at 725. But the decision is petitioner's to make. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as

counsel or paralegal to *pro se* litigants."). This Court should either dismiss without prejudice, or allow petitioner to amend his petition to remove the unexhausted claim.

## IV. Conclusion

Based on the foregoing, respondent respectfully moves this Court to dismiss the petition without prejudice or allow petitioner to amend the petition to drop his unexhausted claims and proceed only with those claims he has exhausted.

March 8, 2007                                       Respectfully submitted,

                                                    LISA MADIGAN
                                                    Attorney General of Illinois

                                        By:    s/ Karl R. Triebel
                                               KARL R. TRIEBEL
                                               Assistant Attorney General
                                               100 W. Randolph St., 12th Floor
                                               Chicago, Illinois 60601
                                               Phone: (312) 814-2391
                                               Fax: (312) 814-5166
                                               E-mail: ktriebel@atg.state.il.us
                                               Att.Reg.No.: 6285222

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MARQUIS RIDLEY, | ) ) ) | |
| Petitioner, | ) ) | No. 07-2004 |
| v. | ) ) | The Honorable Michael P. McCuskey, |
| DONALD HULICK, Warden, | ) ) | Chief Judge Presiding. |
| Respondent. | ) | |

**CERTIFICATE OF SERVICE**

    I certify that on March 8, 2007, I electronically filed respondent's **motion to dismiss** with the Clerk of the United States District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system; and I hereby certify that on March 8, 2007, I mailed by United States Postal Service, the above referenced filing to the following non-ECF-registered party: Marquis Ridley, K88450, Menard Correctional Center, 711 Kaskaskia Street, P.O. Box 711, Menard, Illinois, 62259.

                                                                                                                                        LISA MADIGAN
                                                                                                                                        Attorney General of Illinois

                                                       By:    <u>s/ Karl R. Triebel</u>
                                                                                                                            KARL R. TRIEBEL
                                                                                                                            Assistant Attorney General
                                                                                                                            100 W. Randolph St., 12th Floor
                                                                                                                            Chicago, Illinois 60601
                                                                                                                            Phone: (312) 814-2391
                                                                                                                            Fax: (312) 814-5166
                                                                                                                            E-mail: ktriebel@atg.state.il.us
                                                                                                                            Att.Reg.No.: 6285222

FILED
JAN 23 2006

In the
Circuit Court of
Macon County Illinois

People of State of Illinois )      Indictment no. 01-CF-071
             Respondents )
-v-                       )
Bidley, Marcos          )
         Petitioner

Petition for Relief From
Judgment/Sentence
Pursuant To Civil Code of
Procedure ILCS 735
Sec. 2-1401 (F)

By: Marcos Bidley

EXHIBIT A

In the
Circuit Court of
Macon County Illinois

People of the State of Illinois )
    Respondents, ) Judgement No. 01-CF-97
v. )
Ridley, Marqus )

**Notice of Filing**

To: States Attorney office     To: Clerk of the Court
Address 253 E. Wood St     Address 253 E. Wood RM 129
State Illinois     State Illinois
City Decatur     City Decatur
Zip Code 62523     Zip Code 62523

    Please take notice that I have cause to file a Petition for relief from a void judgment Pursuant to ILCS Sec. 2-1401 (F) I mailed copies to the above named parties.

**Proof of Service**

    I Marqus Ridley declare under penalty of perjury that I mailed copies to the Above Parties from Menard C.C. mail room, Menard IL 62259

Sworn before me this ___ day of /s/
206___

FILED
JAN 23 2006
Circuit Clerk

In the Circuit Court
Macon County Illinois

FILED
JAN 23 2006
Circuit Clerk

People of the State of Illinois )    Indictment No 01-CF-941
            Respondent )
-v- )
Bradley, Marcos )
            Petitioner

Petition For Relief From Judgment/Sentence sec.
2-1401-(F) of the code of Civil Procedure

Now comes Petitioner, Marcos Bradley Pro-Se and respectfully requests this Honorable Court to grant him relief from a void judgment/sentence. Petitioner states the following facts:

1) That Petitioner was found guilty by a jury after entering a plea of not guilty of the offenses of, Agg Criminal Sexual Assault Agg battery, Robbery

2) Petitioner did not testify at trial.

3) Petitioner was sentenced to 37 yrs prison

4) Petitioner's Robbery was vacated on Direct Review

)                    )

## NATURE OF CRIME

Petitioner was convicted of the crimes of Bribery, Agg Criminal Sexual Assault, Agg battery and sentenced to 37 yrs following a Jury trial in Macon County on April 2002.

## Jurisdictional Statement

Petitioner is bringing this Petition for Relief of Judgment from A VOID Judgment Pursuant to The Civil Code of Procedure 735 ICS 2-1401-(F)

Authorities Cited

Sixth Amendment U.S. and Illinois Const.

14th Amendment U.S. and Illinois Const.

As in

People v Wade 116 Ill. 2d 1, 506 N.E.2d 954 (1987)

People v Davis 821, N.E. 2d 1154 (2004)

People v Morrison 818 N.E. 2d 1261

People v Smith 86 Ill App 3d 302 408 N.E. 2d 101

## ARGUMENT

Petitioner argues that his conviction + sentence for Agg. Criminal Sexual Assault is void on the grounds that his Constitutional Rights to Due Process + Equal Protection was violated when the jury was not properly instructed as to the information of which petitioner was charged. Also in light of the evidence presented at defendants trial if jury would have been instructed according to the law petitioner may have been found guilty of the lesser-included offense of robbery. Instead the state committed a grave miscarriage of justice when instructing the jury on robbery as a seperate charge. Obviously miss-direction on part of the state presenting erroneous-instructions to ensure a conviction on the "Greater-Offense". Later upon Review by the reviewing court (appelate Court) Using erroneous-judgment when vacating the robbery as a lesser-included offense which is inconsistent with the instructions given to jury at trial. By introducing improper instructions + confusing the jury the state made it impossible for the jury to make a just + sound decision. Giving the plaintiff Reversable error, inconsistencies + violation in petitioners trial, petitioner prays that this court find the remaining convictions handed down do to false instructions be found void.

State of Illinois )
County of Randolph ) AFFIDAVIT

Under the penalty as provided by law pursuant to Section 1-109 of the code, I certify that the above statements are true to the best of my knowledge.

/s/ Marqus Hidley

FILED
JAN 23 2009

CLERK'S CERTIFICATE OF COPY — WITH JUDGE'S VERIFICATION.— 144C

STATE OF ILLINOIS,
COUNTY OF MACON } ss.   I, KATHY A. HOTT ,
Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify the foregoing to be a true, perfect and complete copy of THE PETITION FOR RELIEF FROM JUDGMENT IN CASE NO. 01-CF-971 ENTITLED: THE POEPLE OF THE STATE OF ILLINOIS VERSUS MARQUIS RIDLEY AS THE SAME APPEARS BY CAMPARISON WITH THE ORIGINAL NOW ON FILE AND IN THIS OFFICE REMAINING.

Dated JAN. 31 , 2007

(Seal of court)

*Kathy A Hott*
(Clerk of the Circuit Court)

By: BH
(Deputy)

STATE OF ILLINOIS,
COUNTY OF MACON } ss.   I, JOHN K. GREANIAS ,
Judge of the Circuit Court of said County, do hereby certify that KATHY A. HOTT , whose name is subscribed to the foregoing Certificate of Attestation, now is, and was at the time of signing and sealing the same, Clerk of the Circuit Court of MACON County aforesaid, and keeper of the Records and Seal thereof, duly elected and qualified to office; that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Record and elsewhere; and that his said attestation is in due form of law, and by the proper officer.

(Seal of court)

*John K. Greanias*
(Judge)

STATE OF ILLINOIS,
COUNTY OF MACON } ss.   I, KATHY A. HOTT ,
Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify that JOHN K. GREANIAS , whose genuine signature appears to the foregoing certificate, was at the time of the signing the same, Judge of the Circuit Court of said County duly commissioned and qualified; that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Record and elsewhere.

Dated JAN. 31 , 20 07

(Seal of court)

*Kathy A Hott*
(Clerk of the Circuit Court)

By: BH
(Deputy)

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT
MACON COUNTY

FILED
2006 MAY 31 P 3:55
KATHY A. HOTT
CIRCUIT CLERK

THE PEOPLE OF THE STATE OF ILLINOIS, )
)
Plaintiff, )
)
vs. ) NO. 01-CF-971
)
MARQUIS RIDLEY, )
)
Defendant. )

## ORDER DISMISSING PETITION FILED JANUARY 23, 2006

The Court has examined in chambers the defendant's documents filed January 23, 2006. The documents are herein referred to as "Petition."

*Findings*

1. Defendant does not have an unconditional right to appointed counsel and discretionary appointment of counsel is not necessary for a fair adjudication of the Petition.

2. A hearing in open court is not required because the Petition and motion to dismiss do not raise issues which require briefs, oral argument or an evidentiary hearing.

3. Defendant contends that the judgment in this case is void. However, the Petition does not allege facts sufficient to raise a good faith claim of lack of jurisdiction or other cause rendering the conviction or sentence void. There is nothing set forth in defendant's documents which, if taken as true and liberally construed, would raise an inference that the legal sufficiency could be cured by an amended petition.

4. Defendant filed a direct appeal from his conviction and sentence. Thereafter, he filed a post-conviction petition. All issues raised by the Petition are barred by the doctrines of

EXHIBIT B

2

*res judicata* and waiver, and by the bar against successive post-conviction petitions. Additionally, relief pursuant to 735 ILCS 5/2-1401 is barred by the two year limitation upon filing a petition for relief.

5.  The motion to dismiss filed by the People of the State of Illinois on March 1, 2006 asserts valid objections and defenses. The motion to dismiss must be allowed.

### Orders

1.  The Petition is hereby dismissed without relief.

2.  Clerk of the Court is directed to mail to defendant a copy of this Order.

3.  This is a final and appealable Order, and defendant must file a notice of appeal in the trial court within 30 days to preserve his right to appeal.

ENTER:                May 31, 2006
                      Date

                      _John K. Greanias_
                      Circuit Judge

C101.A

**CLERK'S CERTIFICATE OF COPY — WITH JUDGE'S VERIFICATION.—**   144C

STATE OF ILLINOIS,
COUNTY OF MACON } ss.    I, KATHY A. HOTT,

Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify the foregoing to be a true, perfect and complete copy of THE ORDER DISMISSING PETITION FILED JANUARY 23, 2006 ON FILE IN CASE NO: 01-CF-971 ENTITLED: THE PEOPLE OF THE STATE OF ILLINOIS VERSUS MARQUIS RIDLEY AS THE SAME APPEARS BY COMPARISON WITH THE ORIGINAL NOW ON FILE AND IN THIS OFFICE REMAINING.

(Seal of court)

Dated JAN. 31, 20 07

*Kathy A Hott*
(Clerk of the Circuit Court)

By: BH
(Deputy)

---

STATE OF ILLINOIS,
COUNTY OF MACON } ss.    I, JOHN K. GREANIAS,

Judge of the Circuit Court of said County, do hereby certify that KATHY A. HOTT, whose name is subscribed to the foregoing Certificate of Attestation, now is, and was at the time of signing and sealing the same, Clerk of the Circuit Court of MACON County aforesaid, and keeper of the Records and Seal thereof, duly elected and qualified to office; that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Record and elsewhere; and that his said attestation is in due form of law, and by the proper officer.

(Seal of court)

*John K. Greanias*
(Judge)

---

STATE OF ILLINOIS,
COUNTY OF MACON } ss.    I, KATHY A. HOTT,

Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify that JOHN K. GREANIAS, whose genuine signature appears to the foregoing certificate, was at the time of the signing the same, Judge of the Circuit Court of said County duly commissioned and qualified; that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Record and elsewhere.

(Seal of court)

Dated JAN. 31, 20 07

*Kathy A Hott*
(Clerk of the Circuit Court)

By: BH
(Deputy)