UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | |
|---|---|
| **MARQUIS RIDLEY,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **Case No. 07-2004** |
| ) | |
| **DONALD HULICK, Warden,** ) | |
| ) | |
| Respondent. ) | |

## <u>ORDER</u>

On November 21, 2006, Petitioner Marquis Ridley filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) in the United States District Court for the Northern District of Illinois. On January 5, 2007, this case was transferred to the Urbana Division of the Central District of Illinois. On March 8, 2007, Respondent filed a Motion to Dismiss (#15) arguing the petition should be dismissed because one claim raised by Petitioner was pending before the Illinois Appellate Court. In response, Petitioner filed an Amended Petition (#17) on March 26, 2007, which excluded the unexhausted claim.[1] On May 4, 2007, Respondent filed his Answer (#18). This court has carefully considered Petitioner's arguments and Respondent's Answer, as well as the documentation provided to this court. Following this careful review, this court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2254. Accordingly, his

---

[1] In his initial habeas petition, Petitioner argued that the trial court erred by improperly instructing the jury on the lesser included offense of robbery as a separate charge. Respondent's Motion to Dismiss indicated that Petitioner filed a petition for relief from judgment in Macon County Circuit Court raising this same issue. That petition was denied on May 31, 2006, and Respondent indicates the appeal from that judgment is still pending. Prior to this court ruling on the Motion to Dismiss, Petitioner filed his amended petition which withdrew the unexhausted claim. Accordingly, this court will proceed to rule on the amended petition.

Amended Petition is DENIED.

## BACKGROUND

In 2002, following a jury trial, Petitioner was found guilty of aggravated criminal sexual assault, aggravated battery, and robbery. Petitioner was sentenced to concurrent terms of 30 years' and 5 years' imprisonment on the aggravated criminal sexual assault and aggravated battery convictions, respectively, and to a consecutive term of 7 years' imprisonment on the robbery conviction. On direct appeal, Petitioner argued: (1) his counsel was ineffective for conceding Petitioner's guilt on the offense of robbery; (2) the trial court erred in imposing consecutive sentences for robbery and aggravated criminal sexual assault because robbery is a lesser included offense of aggravated criminal sexual assault; and (3) the mandatory consecutive sentencing provisions under which Petitioner was sentenced violated Apprendi v. New Jersey, 530 U.S. 466 (2000). On December 8, 2003, the Illinois Appellate Court for the Fourth District issued an Order which found that Petitioner's counsel was not constitutionally ineffective, vacated the conviction and sentence for robbery because it is a lesser included offense of aggravated criminal sexual assault, remanded the case for imposition of consecutive sentences for the remaining offenses of aggravated criminal sexual assault and aggravated battery as required by Illinois law, and found no violation of Apprendi. People v. Ridley, Case No. 4-02-0435 (unpublished order). Petitioner did not seek leave to appeal this decision to the Illinois Supreme Court.

On February 23, 2004, Petitioner filed a pro se post-conviction petition repeating the claims he alleged in his direct appeal and adding the following claims: (1) Petitioner's conviction for aggravated criminal sexual assault should be vacated or reduced to criminal sexual assault because the element used to enhance criminal sexual assault to aggravated criminal sexual, i.e., the robbery

-2-

conviction, no longer exists as the appellate court directed the trial court to vacate the robbery conviction; (2) there was insufficient evidence to sustain Petitioner's convictions; (3) the trial court erred in not directing a verdict of not guilty on the aggravated criminal sexual assault and aggravated battery with a deadly weapon charges; (4) the State's closing argument was improper; and (5) Petitioner was denied his due process and equal protection rights as a result of the foregoing violations. On March 1, 2004, the trial court summarily dismissed the petition finding the grounds previously raised on direct appeal were barred by the doctrine of res judicata, the remaining matters were forfeited because they were not raised on direct appeal, and the petition was frivolous and without merit. Petitioner raised these same claims on appeal of the denial of his post-conviction petition. On July 6, 2005, the Illinois Appellate Court for the Fourth District affirmed the dismissal, finding the first three claims were barred by res judicata and the remaining claims failed on the merits. People v. Ridley, Case No. 4-04-0242 (unpublished order). Petitioner filed a Petition for Leave to Appeal (PLA) with the Illinois Supreme Court arguing: (1) the jury never found Petitioner guilty of aggravated criminal sexual assault beyond a reasonable doubt; (2) Petitioner's consecutive sentences were a violation of Apprendi; (3) the evidence at trial was insufficient to support Petitioner's convictions for sexual assault and aggravated battery because the jury was not instructed as to the actual charges alleged in the information; (4) Petitioner was denied his right to a fair trial when the trial court overruled defense counsel's objection to improper closing argument by the prosecution; (5) ineffective assistance of appellate counsel; and (6) the vacated robbery conviction played a factor in the trial judge's resentencing process and he is therefore entitled to again be resentenced as a result. On December 1, 2005, the Illinois Supreme Court denied Petitioner's PLA.

ANALYSIS

In the instant case, Petitioner raises the following claims: (1) ineffective assistance of trial counsel in failing to file a motion to suppress Petitioner's statements to police and in failing to object to improper jury instructions and file appropriate jury instructions; (2) violation of Petitioner's Fifth Amendment rights in that the consecutive sentence for aggravated battery violates the one-crime, one-act principle; (3) the trial court placed Petitioner in double jeopardy when it sentenced him for aggravated criminal sexual assault after the Illinois Appellate Court vacated the robbery conviction; (4) violation of Petitioner's Fifth and Sixth Amendment rights when the Illinois Appellate Court failed to remand for general resentencing and instead instructed the trial court to impose a consecutive sentence for aggravated battery; and (5) violation of Petitioner's Fifth Amendment rights when the trial court sentenced him on the aggravated criminal sexual assault count even thought the state appellate court had vacated the conviction for robbery.

A. Procedurally Defaulted Claims

In his response, Respondent argues that a number of these claims are procedurally defaulted. "Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust the remedies available to him in state court." Perruquet v. Briley, 390 F.3d 505, 513 (7th Cir. 2004), citing 28 U.S.C. § 2254(b)(1)(A). Exhaustion serves the interest in federal-state comity by giving the state courts the first opportunity to address and correct potential violations of a prisoner's federal rights. Perruquet, 390 F.3d at 513. Therefore, in order to seek federal habeas review, a petitioner must exhaust all available state court remedies, and, in the course of those proceedings, give the state courts a full and fair opportunity to resolve federal constitutional claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 845 (1999). In doing so, "state prisoners must give the state courts one

full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845. In Illinois, this means that the issue must be raised in the appellate court and in a petition for leave to appeal with the Illinois Supreme Court. See Boerckel, 526 U.S. at 845-48. "Thus, when the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." Perruquet, 390 F.3d at 514, citing Boerckel, 526 U.S. at 853-54.

Respondent points out that Petitioner did not raise the claims related to (1) ineffective assistance of counsel in failing to file a motion to suppress Petitioner's statements to police and in failing to object to improper jury instructions and file appropriate instructions; (2) violation of Petitioner's Fifth Amendment rights in that the consecutive sentence for aggravated battery violates the one-crime, one-act principle; and (3) the trial court placed Petitioner in double jeopardy when it sentenced him for aggravated criminal sexual assault after the appellate court vacated the robbery conviction. Petitioner did not file a PLA to the Illinois Supreme Court on his direct appeal. Furthermore, Respondent correctly points out that these claims were not raised in Petitioner's PLA to the Illinois Supreme Court in his post-conviction proceedings. Therefore, Respondent is correct that Petitioner has procedurally defaulted these claims. See Hayes v. Battaglia, 403 F.3d 935, 937 (7th Cir. 2005).

Federal courts may only review defaulted claims if the petition shows cause for the failure to raise the issues at the appropriate time and actual prejudice which resulted from this failure. Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999), citing Wainwright v. Sykes, 433 U.S. 72, 91 (1977). "Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would

result in a 'fundamental miscarriage of justice,' that is, where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Scillia, 193 F.3d at 917, quoting Murray v. Carrier, 477 U.S. 478, 495-96 (1986). This court concludes that Petitioner has made no attempt to show cause or actual prejudice in his petition. Moreover, he has not attempted to establish a "fundamental miscarriage of justice" that would permit him to sidestep the cause and prejudice requirement. See Logan v. Evans, 2005 WL 1651786, at *3 (N.D.Ill. 2005). Accordingly, this court finds that these claims are barred from habeas review.

## B. Merits

As to Petitioner's remaining claims, this court's review is limited under the Antiterorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2). Therefore, under the AEDPA, habeas corpus relief may only be granted if Petitioner meets his burden to show that the state court's decision was either "contrary

to" or involved an "unreasonable application of" United States Supreme Court precedent. See Weeks v. Angelone, 528 U.S. 225, 237 (2000). In addition, this court must presume that the state court findings of fact are correct and, therefore, not "unreasonable" unless a petitioner rebuts the presumption with clear and convincing evidence. See Conner v. McBride, 375 F.3d 643, 649 (7th Cir. 2004); Collier v. Davis, 301 F.3d 843, 848 (7th Cir. 2002). This "highly deferential standard for evaluating state-court rulings" imposed by the AEDPA "demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002), quoting Lindh, 521 U.S. at 333 n.7. The AEDPA "leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." Visciotti, 537 U.S. at 27. Under this standard, a state court's decision "minimally consistent with the facts and circumstances of the case" is not unreasonable. Conner, 375 F.3d at 649, quoting Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997).

The first claim this court will consider on the merits is Petitioner's argument that his Fifth and Sixth Amendment rights were violated when the Illinois Appellate Court failed to remand for general resentencing and instead instructed the trial court to impose consecutive sentences for aggravated battery and aggravated criminal sexual assault after his conviction for robbery was vacated.[2] Petitioner asserts this was error because the trial court may have issued a lower sentence on remand if given the opportunity for a general resentencing. Petitioner contends the trial court likely considered his robbery conviction in issuing its initial sentence, and thus would have issued a lower sentence on remand if permitted since this conviction was vacated. The error in Petitioner's

---

[2] Respondent argues in his response that this claim is procedurally defaulted. Based upon this court's review of the record, Petitioner arguably presented this issue at all three stages of his post conviction process. Therefore, this court will address the merits of Petitioner's claim.

reasoning is that the robbery conviction was vacated only because it was a lesser included offense of aggravated criminal sexual assault, not because the appellate court determined he was not guilty of the offense or the evidence did not support the charge. The case was remanded for resentencing only because Illinois law required consecutive sentences for aggravated battery and aggravated criminal sexual assault. Petitioner has cited no caselaw supporting his assertion that the appellate court's decision to deny another full sentencing hearing on remand under these circumstances was "contrary to" or involved an "unreasonable application of" United States Supreme Court precedent. Accordingly, the court finds this claim without merit.

The final claim which this court will consider on the merits is whether Petitioner's Fifth Amendment rights were violated when the trial court sentenced him on the aggravated criminal sexual assault count even though the state appellate court had vacated the conviction for robbery. The court finds this claim completely without merit. As the Illinois Appellate Court aptly stated in affirming the dismissal of Petitioner's post-conviction petition:

> [V]acating the conviction for the lesser-included offense of robbery would not negate a finding that the defendant was guilty of aggravated criminal sexual assault based on the sexual assault being committed during the robbery. It means only that because it would be impossible to commit the greater offense of aggravated criminal sexual assault (as charged) without necessarily committing the lesser offense of robbery, judgment and sentence could only be imposed on the greater offense of aggravated criminal sexual assault.

People v. Ridley, Case No. 4-04-0242 (unpublished order). Thus, because Petitioner could only be sentenced on the most serious offense of aggravated criminal sexual assault, the court was required

under Illinois law to vacate the conviction on the less serious, lesser included offense.  See People v. Johnson, 584 N.E.2d 515, 517 (Ill. App. Ct. 1991).  The court did not vacate the conviction of robbery based on actual innocence or any other reason which would undermine Petitioner's conviction of aggravated criminal assault.  Accordingly, this claim must fail.

IT IS THEREFORE ORDERED THAT:

(1)  Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) and Respondent's Motion to Dismiss (#15) are denied as MOOT.

(2) Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#17) is DENIED.

(3) This case is terminated.

ENTERED this 28th  day of June, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE